UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
                                                  :
UNITED STATES OF AMERICA                          :
                                                  :        06 Cr. 551 (SCR)
            -against-                             :
                                                  :        **DECISION AND ORDER**
SALVADOR ORDAZ-GALLARDO and                       :
ERIBERTO JIMENEZ, a/k/a "Raul Cotto," a/k/a       :
"Raul Cotto de la Paz,"                           :
                                                  :
            Defendants.                           :
————————————————————————X

**STEPHEN C. ROBINSON, United States District Judge:**

Salvador Ordaz-Gallardo ("Ordaz-Gallardo") and Eriberto Jimenez ("Jimenez";

collectively the "Defendants") are charged with a conspiracy to possess with intent to distribute a

controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).  Defendants

filed various pre-trial motions for suppression of evidence and discovery, and requested

evidentiary hearings to address certain of these issues.[1]  For the reasons discussed below,

Defendants' discovery motions are all DENIED; this Court reserves judgment on Defendants'

motions for suppression of evidence pending an evidentiary hearing.

I.      **Requests for discovery**

        A.      **General Rule 16 disclosures**

        Defendants request that this Court direct the Government to provide all materials that

must be supplied to Defendants under Rule 16 of the Federal Rules of Criminal Procedure,

including, but not limited to: (1) any and all written, recorded, or oral statements made by

Defendants within the possession, custody, or control of the Government; (2) all books, papers,

_____

        [1] Both Ordaz-Gallardo and Jimenez request to join in the motions made by each other's counsel, to the
extent applicable.  The Court will therefore address all motions as though they were made collectively by all
Defendants, where appropriate.

photographs or other documents that were obtained from the Defendants, and/or that the

Government intends to use at trial; (3) any reports of any physical or mental examinations and of

any scientific tests or experiments; (4) any records of telephone charges over any instrument in

which the Defendants maintained a possessory interest; (5) any warrant applications and items

obtained during any searches; (6) any pre-trial identification procedures; (7) any photographs or

video recordings, or telescopically-enhanced surveillance made in conjunction with this case;

and (8) any notes, reports, or other writings made by officers or agents or any law enforcement

agency relating to the case.

In its papers, the Government represents, in sum and substance, that it has already

complied with its discovery obligations pursuant to Rule 16.  Many of Defendants' specific

requests for documents, therefore, are moot, as the documents have already been provided.  The

Government is well-acquainted with its Rule 16 obligations, including its obligation under Rule

16(c) to provide additional discovery if and when it becomes available.  This Court has no reason

to believe that the Government has not acted reasonably and in good faith to comply with its

Rule 16 obligations, and is satisfied with the Government's representations that it will continue

to do so.  See United States v. De La Cruz, No. 05 Cr. 773 (NRB), 2006 U.S. Dist. LEXIS

55725, *8 (S.D.N.Y. Aug. 8, 2006).  Accordingly, Defendants' request for an order directing the

Government to comply with its Rule 16 discovery obligations is DENIED.  To the extent that

Defendants' request discovery under Rule 16 of any materials that are not specifically provided

for under Rule 16 – such as information concerning oral statements which were not given in

response to interrogation by a person the Defendants knew was a government agent – those

requests are also DENIED.[2]

###    B.    Statements of co-conspirators

Defendants each request oral, written, or recorded statements made by any known co-

conspirator, whether indicted or un-indicted, including, but not limited to, all such statements the

Government intends to introduce at trial, or that the Government does not intend to introduce,

but which relate to any issue in this case.  As an alternative, Defendants request that the

Government be required to disclose any and all statements of co-conspirators that the

Government intends to introduce at trial under the co-conspirator exception to the hearsay rule.

See Fed. R. Evid. 801(d)(2)(E).

Defendants cite no authority in support of their request for disclosure of co-conspirator

statements.  The Second Circuit has held that disclosure of co-conspirator statements is not

required, reasoning that "allowing a defendant to discover the statement of a co-conspirator as

his own would transmogrify the coconspirator into the person of the defendant himself…. [A]

defendant who fears further disclosure by a coconspirator could take whatever unlawful steps are

necessary to insure that his alter ego is silenced."  In re United States, 834 F.2d 283, 286-87 (2d

Cir. 1987).  Disclosure is also not warranted under Fed. R. Evid. 801(d)(2)(E).  See United States

v. Robles, No. 04 Cr. 1036 (GEL), 2005 U.S. Dist. LEXIS 7168, *4 (S.D.N.Y. 2005) ("discovery

of statements by alleged co-conspirators that the Government will seek to introduce pursuant to

Fed. R. Evid. 801(d)(2)(E) is not required").  Accordingly, Defendants' motion to receive co-

conspirator statements is DENIED.

---

[2] These rulings do not preclude Defendants from filing future motions to the extent there are *specific* discovery issues that have not been addressed adequately.

C.      **Grand jury transcripts**

Defendants request that this Court direct the release of grand jury transcripts so that

Defendants can determine whether those proceedings would support a motion to dismiss the

indictment.  Ordaz-Gallardo in particular claims that there is insufficient proof to connect him to

the crime charged in the indictment, and speculates that the grand jury testimony might support

that contention.

The Second Circuit has held that "a review of grand jury minutes is rarely permitted

without specific factual allegations of government misconduct."  United States v. Torres, 901

F.2d 205, 233 (2d Cir. 1990) (citing United States v. Wilson, 565 F. Supp. 1416, 1436-37

(S.D.N.Y. 1983)).  Fed. R. Crim. P. 6(e)(3)(E)(ii), however, provides that "the court may

authorize disclosure…of a grand-jury matter at the request of a defendant who shows that a

ground may exist to dismiss the indictment because of a matter that occurred before the grand

jury."  To obtain disclosure of grand jury materials, a defendant must demonstrate a

"particularized need" for the materials.  See United States v. Moten, 582 F.2d 654, 662 (2d Cir.

1978) (burden is on party seeking disclosure of grand jury minutes to show a "particularized

need" that outweighs need for secrecy).  Further, it is clear that "an indictment valid on its face is

not subject to challenge on the ground that the grand jury acted on the basis of inadequate or

incompetent evidence."  United States v. Calandra, 414 U.S. 338, 345 (1978).

Defendants offer little more than speculation that some impropriety may have occurred

before the grand jury that would require this case to be dismissed.  Such speculation falls well

short of the "particularized need" Defendants must show to obtain disclosure of grand jury

materials.  See United States v. Dunn, No. 05 Cr. 127 (KMK), 2005 U.S. Dist. LEXIS 14667,

*12 (S.D.N.Y. 2005).  Thus, Defendants' motion to furnish grand jury transcripts is DENIED.

4

### D.      Informant-related information

Defendants seek a ruling requiring the Government to disclose information about confidential informants from whom the Government has obtained information, regardless of whether the Government actually intends to call that informant at trial, so that Defendants may investigate and interview the informants as part of their trial preparation.  Based on the discovery provided to date, Defendants believe that the potential testimony of these informants will clearly be relevant to a determination of their guilt or innocence.  Accordingly, Defendants seek disclosure of the identities and present whereabouts of any informants and request that counsel be granted access to these informants.  Defendants further request that the Government be required to disclose whether any informants were "acting as agents of the prosecution in obtaining information concerning the alleged offenses and supplying it to the Government, whether such informants were paid or unpaid or received any consideration, and whether they were federal or state employees."  Jimenez M. at ¶ 21.

In general, the Government may withhold from disclosure the identity of individuals who inform law enforcement officers of violations of the law.  See, e.g., Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Jackson, 345 F.3d 59, 69 (2d Cir. 2003).  Where the disclosure of an informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," Jackson, 345 F.3d at 69, the Government's privilege gives way to the Defendants' rights.  See Roviaro, 353 U.S. at 60-61.  This Court is required to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense."  Id. at 62.

The Defendants bear the burden of demonstrating the need for disclosure of an informant's identity, and must show that without such disclosure, they will be deprived of the

right to a fair trial.  See, e.g., United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).

Disclosure of a confidential informant's identity is an "extraordinary remedy," see United States

v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y. 1996), and "disclosure of the identity or address of a

confidential informant is not required unless the informant's testimony is shown to be material to

the defense."  United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988).  Defendants must do

more than simply allege that the informant was a participant in or witness to the crime charged,

or that the informant might cast doubt on the general credibility of a government witness.  Id.

The Second Circuit has stated that "speculation that disclosure of the informant's identity will be

of assistance is not sufficient to meet the defendant's burden."  Fields, 113 F.3d at 324.

At this point, Defendants offer little more than speculation to suggest that any informants

that have provided information to the Government in this matter would be of material value to

the Defendants' case.  Defendants' motion papers declare only that "it is apparent from review of

discovery provided to date that the Government will rely on the testimony of Government

informants in prosecuting this case.  Their testimony will clearly be relevant to the guilt or

innocence" of the Defendants.  Such broad allegations, however, are insufficient to meet

Defendants' burden – at best, these statements constitute a level of speculation that, absent more,

does not warrant disclosure of the identity of informants.  Accordingly, Defendants' motion for

disclosure of information regarding any confidential informants is DENIED.

### E.      Witness list and expert witnesses

Defendants request that the Government be directed to provide a list of the names and

addresses of all witnesses that the Government intends to call as part of its case in chief, as well

as list of all persons interviewed by the Government as a prospective witness, and a list of all

persons interviewed whom the Government does not intend to call as witnesses.  In addition,

Defendants separately request that the Government supply the names, addresses, and phone numbers of each expert witness the Government intends to call at trial.

The Second Circuit has held, however, that "in the absence of a specific showing that disclosure [of a witness list] was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case," the request for a witness list should be denied. United States v. Bejasa, 904 F.2d 137, 139-40 (2d Cir. 1990); United States v. James, No. 02 Cr. 778 (SJ), 2005 U.S. Dist. LEXIS 40695, *17 (E.D.N.Y. Dec. 6. 2005) ("generally the Second Circuit has held that such material will be ordered disclosed to the defense only where there has been a particularized showing of need"). Defendants here make no particularized showing that the requested witness list is material to the preparation of the defense – indeed, Defendants make no argument whatsoever for why they should receive the witness list any earlier than the ordinary schedule for such disclosures would provide. Further, the Government is well-acquainted with its obligations with respect to expert witnesses under Rule 16 and accordingly, we also decline to issue any order requiring disclosure of expert witness information any earlier than the ordinary schedule for such disclosures would provide. Defendants' motion for early disclosure of the Government's witness list and expert witness information is DENIED.

### F.     Bill of particulars

Both Ordaz-Gallardo and Jimenez seek a bill of particulars. Ordaz-Gallardo requests, among other things: the date the conspiracy commenced; the date the alleged agreement with Ordaz-Gallardo was consummated; the names and addresses of all co-conspirators, named and un-named; each overt act allegedly committed in furtherance of the conspiracy; the exact dates on which the overt acts were allegedly committed, and the locations where those acts were committed; and a list of all individuals who participated in each of the overt acts. Jimenez

requests that the Government specify the exact date when and location where Jimenez is alleged

to have joined the conspiracy charged in the indictment, and that the Government identify all

other known but unnamed conspirators and specify the number of conspirators that Jimenez is

alleged to have conspired with during the course of the charged conspiracy.

The decision to grant a bill of particulars is left to the discretion of the trial court.  United

States v. Salazar, 485 F.2d 1272, 1278 (2d Cir. 1973); United States v. Perez, 940 F. Supp. 540,

550 (S.D.N.Y. 1996).  A bill of particulars is not an investigative tool, or a tool of discovery, but

rather "is meant to apprise the defendant of the essential facts of a crime and should be required

only where the charges of an indictment are so general that they do not advise a defendant of the

specific acts of which he is accused."  Perez, 940 F. Supp. at 550 (citing cases); United States v.

Mitlof, 165 F. Supp.2d 558, 569 (S.D.N.Y. 2001).  "The ultimate test must be whether the

information sought is necessary, not whether it is helpful" and therefore "[t]he Government may

not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to

prove the charges, the precise manner in which the defendant committed the crime charged, or a

preview of the Governments evidence or legal theories."  Mitlof, 165 F. Supp.2d at 569.

As noted above, Defendants request various specific details regarding the allegations in

the indictment.  Requests concerning dates that the Defendants joined the conspiracy, the identity

of co-conspirators, and precise dates and locations relating to overt acts, however, are the types

of "wheres, whens and with whoms" that have specifically been held to be beyond the scope of a

bill of particulars.  See Torres, 901 F.2d at 233-34; Mitlof, 165 F. Supp.2d at 569.  Accordingly,

Defendants' motion for a bill of particulars is DENIED.

### G.      Early production of <u>Brady</u>, <u>Giglio</u> and Jencks Act material

#### i.       <u>Brady</u> material

Defendants seek to have the Government provide early production of material evidence

as to guilt or punishment that is favorable to the accused, including evidence that tends to

exculpate the Defendants.  See <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).  Such materials must

be disclosed "no later than the point at which a reasonable probability will exist that the outcome

would have been different if an earlier disclosure had been made."  <u>United States v. Coppa</u> (<u>In re</u>

<u>United States</u>), 267 F.3d 132, 142 (2d Cir. 2001).  Thus, due process requires only that <u>Brady</u>

material be disclosed "in time for effective use at trial."  <u>Id.</u> (citing cases).  Here, the

Government has represented that currently it is not aware of any <u>Brady</u> material in this case, but

that it recognizes its continuing obligation to disclose all such material.  As the Government has,

in good-faith, asserted that it has met, and will continue to meet its obligations, there is no reason

to compel disclosure of <u>Brady</u> material at this time.  See <u>Perez</u>, 940 F. Supp. at 553; <u>United</u>

<u>States v. Schwimmer</u>, 649 F. Supp. 544, 549 (E.D.N.Y. 1986).  Defendants' request for early

production of <u>Brady</u> material is therefore DENIED.

#### ii.      <u>Giglio</u> material

Defendants also seek early production of evidence that may be used to impeach the

credibility of any of the Government's witnesses pursuant to <u>Giglio v. United States</u>, 450 U.S.

150, 154 (1972).  Again, the Government is only required to produce <u>Giglio</u> material "in time for

effective use at trial."  <u>Perez</u>, 940 F. Supp. at 553.  Here, the Government, in good faith, has

represented that it intends to produce <u>Giglio</u> material the day before the corresponding witness

will testify, or, if additional time is reasonably required to review such material, sufficiently in

advance of the witness's testimony so as to avoid any delay at trial.  At the time of those

9

disclosures, to the extent that Defendants feel that additional time is necessary given the volume

or complexity of the materials provided, the Court will consider applications to continue or recall

witnesses.  It is unnecessary, however, to order early disclosure at this time.  Defendants' motion

for early production of Giglio material is therefore DENIED.

### iii.    Jencks Act material

Defendants also seek the production of prior statements made by prospective

Government witnesses pursuant to the Jencks Act.  See 18 U.S.C. § 3500 et seq.  As expressed in

the text of the statute, however, the Government is under no obligation to produce Jencks Act

material until after a witness has testified on direct examination at trial.  District courts lack the

authority to compel early disclosure of Jencks Act material.  In re United States, 834 F.2d 283,

287 (2d Cir. 1987).  Further, the Government, in good faith, has represented that it intends to

produce Jencks Act material at the same time as impeachment material under Giglio – that is, the

day before the corresponding witness will testify, or, if additional time is reasonably required to

review such material, sufficiently in advance of the witness's testimony so as to avoid any delay

at trial.  Again, to the extent that Defendants feel that additional time is necessary given the

volume or complexity of the materials provided, the Court will consider applications to continue

or recall witnesses.  It is unnecessary, however, to order early disclosure at this time.

Defendants' motion to compel early disclosure of Jencks Act material is therefore DENIED.

## II.    Motions relating to evidence seized on June 20, 2006, Defendants' arrests, and Defendants' post-arrest statements

Defendants request an evidentiary hearing to assess the propriety of law enforcement

conduct with respect to the June 20, 2006 searches of Ordaz-Gallardo's home and Jimenez's

briefcase, as well as the stop and search of the Honda Accord being driven by Jimenez that same

day.  At this hearing, Defendants also wish to address the lawfulness of their arrests and the

validity of their post-arrest statements.  The Government consents to a hearing regarding

Defendants' respective motions.  Accordingly, this Court reserves judgment on those portions of

Defendants' motions pending the evidentiary hearing.

## III.    Conclusion

For the reasons stated above:

1.  Defendants' request for an order directing the Government to comply with its Rule 16 discovery obligations is DENIED.  Defendants request for discovery under Rule 16 of any materials that are not specifically provided for under Rule 16 is also DENIED.

2.  Defendants' motion to receive co-conspirator statements is DENIED.

3.  Defendants' motion to furnish grand jury transcripts is DENIED.

4.  Defendants' motion for disclosure of information regarding any confidential informants is DENIED.

5.  Defendants' motion for early disclosure of the Government's witness list and expert witness information is DENIED.

6.  Defendants' motion for a bill of particulars is DENIED.

7.  Defendants' motion for early disclosure of Brady, Giglio, and Jencks Act material is DENIED.

8.  Defendants' request for a hearing regarding the events of June 20, 2006 is GRANTED.  The Court hereby reserves decision on Defendants' various motions to suppress evidence pending that evidentiary hearing.

9.  The Clerk of the Court is directed to terminate docket numbers 14 and 15.

*It is so ordered.*

Dated: October 15    , 2007
       White Plains, New York

Stephen C. Robinson
United States District Judge

11